UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES EDWARD KING (CDCR # J-74101),<br><br>    Petitioner,<br><br>    v.<br><br>SCOTT FRAUENHEIM, Warden,<br><br>    Respondent. | No. C 14-5267 SI (pr)<br><br>**ORDER TO SHOW CAUSE** |

## INTRODUCTION

James Edward King filed this *pro se* action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition is now before the court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

## BACKGROUND

The petition provides the following information:

In 1997, King was convicted of four sex crimes and sentenced to a prison term of 35 years to life. In 2009, this court granted King's petition for writ of habeas corpus and ordered that he be re-tried or released from custody. After King rejected a plea offer from the prosecutor, a second trial was held.

At the second trial, King was convicted in Monterey County Superior Court of rape of a child under age 14, oral copulation on a child under age 14, penetration with a foreign object on a child under age 14, and committing a lewd act with a child under age 14. On April 13, 2010, he was sentenced to a prison term of 35 years to life.

King appealed and sought collateral relief in the state courts following the 2010 conviction. The California Court of Appeal affirmed the judgment of conviction in 2010, and the California Supreme Court denied his petition for review in 2013. The California Court of Appeal denied his petition for writ of habeas corpus in 2013, and the California Supreme Court denied his petition for writ of habeas corpus in 2014. He then filed this action.

## DISCUSSION

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

The petition alleges the following claims: (1) the trial court violated petitioner's right to a fair trial by permitting the victim to testify to her motive for testifying; (2) the trial court violated petitioner's Sixth Amendment rights by terminating the cross-examination of the victim; (3) the trial court violated petitioner's Sixth Amendment rights by admitting prior statements and testimony from the victim; (4) the trial court violated petitioner's Sixth Amendment rights by refusing to let him cross-examine the victim with an excerpt of her police interview; (5) the trial court violated petitioner's right to a fair trial by allowing evidence that child sexual abuse allegations rarely are false; (6) petitioner's right to a fair trial was violated when the videotape interview of the victim was given to the jury; and (7) the trial court violated petitioner's Sixth and Fourteenth Amendment rights by refusing to hold a hearing on alleged juror misconduct. Liberally construed, the claims are cognizable in a federal habeas proceeding and warrant a

response.

Petitioner's has requested that counsel be appointed to represent him in this action. A district court may appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require" and such person is financially unable to obtain representation. 18 U.S.C. § 3006A(a)(2)(B). The decision to appoint counsel is within the discretion of the district court. *See Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986). Appointment is mandatory only when the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations. *See id.* The interests of justice do not require appointment of counsel in this action. The request for appointment of counsel is DENIED. (Docket # 3.)

## CONCLUSION

For the foregoing reasons,

1.  The petition states cognizable claims for habeas relief and warrants a response.

2.  The clerk shall serve a copy of this order, the petition and all attachments thereto upon respondent and respondent's attorney, the Attorney General of the State of California. The clerk shall also serve a copy of this order on petitioner.

3.  Respondent must file and serve upon petitioner, on or before **March 27, 2015**, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent must file with the answer a copy of all portions of the court proceedings that have been previously transcribed and that are relevant to a determination of the issues presented by the petition.

4.  If petitioner wishes to respond to the answer, he must do so by filing a traverse with the court and serving it on respondent on or before **April 24, 2015**.

5.  Petitioner is responsible for prosecuting this case. Petitioner must promptly keep the court informed of any change of address and must comply with the court's orders in a timely fashion.

6. Petitioner is cautioned that he must include the case name and case number for this case on any document he submits to this court for consideration in this case.

7. Petitioners *in forma pauperis* application is DENIED because he has ample funds to pay the filing fee. (Docket # 2.) Petitioner must pay the $5.00 filing fee no later than **February 27, 2015**.

8. Petitioner's request for appointment of counsel is DENIED. (Docket # 3.)

IT IS SO ORDERED.

DATED: January 13, 2015

SUSAN ILLSTON
United States District Judge